**IT IS ORDERED as set forth below:**



Date: July 25, 2022

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| PHYLLIS MICHELLE ABNEY-ANCRUM, | CASE NO. 16-70927-PWB |
| Debtor. | |
| | CHAPTER 7 |
| GEORGIA DEPARTMENT OF LABOR, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. 17-5012-PWB |
| PHYLLIS MICHELLE ABNEY-ANCRUM, | |
| Defendant. | |

ORDER ON MOTION FOR SUMMARY JUDGMENT

The Georgia Department of Labor (the "Plaintiff) seeks summary judgment on its claim that the debt of Phyllis Michelle Abney-Ancrum (the "Debtor") for its overpayment of unemployment benefits is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) because of the Debtor's false representations in her application for unemployment benefits. For the reasons stated herein, the court will grant the motion.

I. **Findings of Fact**

The Plaintiff's Amended Statement of Material Facts ("SMF") [Doc. No. 19] states the following facts. The Debtor has not responded to the Motion or disputed any of the facts set forth in the SMF. Under Local Rule 7056-1(a)(2), the facts set forth in the SMF are, therefore, deemed admitted. BLR N.D. Ga. 7056-1(a)(2).

The Debtor received an overpayment of unemployment benefits between July 7, 2012 and December 29, 2012. [SMF, Doc. 19 at 1, ¶ 2]. This overpayment arose from the Debtor's inaccurate reporting of her earnings from her job at U-Haul International ("U-Haul"). [Doc. 19 at 3, ¶ 8]. On many occasions, the Debtor not only failed to accurately report her earnings but also stated that she was not employed at all. *Id*.

Regulations of the Georgia Department of Labor require a person seeking unemployment benefits to report weekly earnings and other relevant information regarding eligibility for unemployment benefits. Ga. Comp. R. & Regs. R. 300-2-4-.03(1) (2011). The Debtor submitted her weekly earnings with the certification that all information entered was true to the best of her knowledge and

2

that she understood the consequences for any false statements made. [Doc. 19 at 2, ¶ 6]. These reports, however, understated the Debtor's income.

For weeks one through five and week 11 of her employment with U-Haul, the Debtor underreported her earnings by at least $60 each week. [Doc. 19 at 3-4, ¶¶ 9-13, 17]. Each report for the other weeks states that the Debtor earned nothing from U-Haul, but she actually had weekly earnings in the range of $57 to $239.25 each week. [Doc. 19 at 4-7, ¶ 14-16, 18-34]. As a result of the inaccurate reporting, the Plaintiff paid the Debtor $ 8,255 more in unemployment benefits overpaid than she was entitled to receive. [Doc. 19 at 7, ¶ 35].

### II.     Conclusions of Law

Under Georgia law, if a person has received unemployment benefits without fulfilling the proper conditions or the person was disqualified for other reasons, the Commissioner for the Unemployment Compensation Fund is entitled to recover the amount received by the person. O.C.G.A. § 34-8-254(a)(2) (2014). In addition, a person who makes a false statement or misrepresentation as to a material fact with the intent to receive or increase unemployment benefits is no longer eligible for benefits and is subject to a penalty. O.C.G.A. § 34-8-255 (2014).

A debt is excepted from discharge under 11 U.S.C. § 523(a)(2) for fraud if: (1) the debtor made a false representation to deceive the creditor; (2) the creditor relied on the representation; (3) the creditor was justified in relying on the representation; and (4) the creditor sustained a loss as a result of the

3

misrepresentation. *E.g., Securities and Exchange Commission v. Bilzerian (In re Bilzerian),* 153 F.3d 1278, 1281 (11th Cir.1998).

The Debtor made false representations by inaccurately reporting her earnings from her job. She underreported her income for every week between July 7, 2012, and December 29, 2012, compared to the actual income she received. The repeated misrepresentations establish an inference that she did so with the intent to deceive the Plaintiff. Nothing in the record disputes this inference or provides any basis for concluding that the false statements were inadvertent. Therefore, the first requirement is met.

The Department of Labor calculated her unemployment benefits based on her representations and overpaid $8,255.00. The Department thus relied on the Debtor's representations, as the second element requires.

The third requirement is that the reliance be justified. The Department's regulations expressly require a person seeking unemployment benefits to report income and to do so accurately. The Department uses the reported information to calculate the amount of the unemployment benefit that is due. Reliance on an applicant's representations is justified because the Department must have information to make its calculations, and the applicant is in the best position to provide accurate information on a timely basis.

Finally, due to the false earning reports provided by the Debtor, she received an overpayment in unemployment benefits. This overpayment is a loss for the Department, and the fourth element is satisfied.

The undisputed material facts show the existence of all the elements for the nondischargeability of the overpayment for fraud under § 523(a)(2). Accordingly, it is

ORDERED that the motion for summary judgment is granted. The debt owed by the Debtor is excepted from discharge under § 523(a)(2).

The Court will enter a separate judgment in accordance with this Order.

**END OF ORDER**

**Distribution List**

Brooke Heinz Chaplain
Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA 30334

Alkesh B. Patel
Office of the Attorney General
State of Georgia
40 Capitol Square, SW
Atlanta, GA 30334

Amy Patterson
Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA 30334-1300

Phyllis Michelle Abney-Ancrum
Unit A
5291 Stonebush Terrace
Stone Mountain, GA 30083